UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEMOND CAMPBELL

                          Plaintiff,

   -against-

TRUW et al.,

                          Defendants.

18-cv-5507 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

    Holwell Shushter & Goldberg LLP have filed a motion to withdraw as attorneys for Demond Campbell ("Plaintiff"). Additionally, Plaintiff has filed applications to (1) receive new *pro bono* counsel, and (2) adjourn the date of the anticipated trial, which is currently scheduled for January 23, 2022. For the following reasons, Holwell Shushter & Goldberg LLP's motion and Plaintiff's requests are granted.

### I.   Motion to Withdraw as Attorneys for Plaintiff

    Pursuant to Local Civil Rule 1.4, Holwell Shushter & Goldberg LLP's motion to withdraw as attorneys for Plaintiff, being unopposed, is granted. (ECF No. 126.)

### II.   Application for *Pro Bono* Counsel

    On December 2, 2022, Plaintiff filed a letter requesting that the Court appoint him another lawyer, following his dismissal of Holwell Shushter & Goldberg LLP. (ECF No. 125.) For the following reasons, the Court grants Plaintiff's application, in so far as the Court can request that an attorney volunteer represent Plaintiff.

### A. Legal Standard

The *in forma pauperis* statute provides that the district courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases there is no requirement that the district courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the district courts have "broad discretion" when deciding whether to grant an indigent litigant's request for representation. *Id.* Even if a court does believe that a litigant should have a lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989). Moreover, courts do not have funds to pay counsel in civil matters; Courts must therefore grant applications for counsel sparingly in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant a litigant's request for counsel. *Hodge*, 802 F.2d at 61-62. The litigant must first demonstrate that she is indigent, such as by successfully applying for leave to proceed *in forma pauperis*. *Terminate Control Corp. v. Horowitz,* 28 F.3d 1335, 1341 (2d Cir. 1994). The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." *Id.* at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper,* 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

### B. Discussion

Plaintiff qualifies as indigent, as he has successfully applied to proceed *in forma pauperis*.[1] Additionally, Plaintiff's claim "seems likely to be of substance," as it has survived a motion for summary judgment. (ECF No. 82.) The *Hodge* threshold requirements, then, have been met.

An application of the remaining *Hodge* factors to the present case indicates that the Court should grant Plaintiff's request for *pro bono* counsel. Appointing counsel may greatly assist Plaintiff—an inexperienced litigant—in preparing for, and participating in, the scheduled trial, leading to a "quicker and more just result by sharpening the issues and shaping examination." *Hodge,* 802 F.2d at 60. Moreover, Plaintiff's case will certainly involve factual disputes and is likely to depend on conflicting evidence that requires cross-examination; as the Court noted in *Hodge,* "it is more likely that the truth will be exposed where both sides are represented by those trained in the presentation of evidence and in cross-examination." *Id. See also Simmons v. Artuz*, No. 98 CIV. 777 (SAS), 1998 WL 85775, at *1 (S.D.N.Y. Feb. 26, 1998) (where the plaintiff's request for *pro bono* counsel was granted on the basis that the anticipated trial was expected to "involve factual disputes concerning Defendant's conduct" and "the outcome of [the plaintiff's] case [was expected to] depend on conflicting evidence [requiring] cross-examination"); *Covington v. Kid*, No. 94 CIV. 4234 SAS, 1998 WL 473950, at *2 (S.D.N.Y. Aug. 7, 1998) (noting

---

[1] On July 11, 2018 Chief Judge Colleen McMahon granted Plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 13.)

that it was appropriate to grant the plaintiff's request for *pro bono* counsel because his case involved factual disputes and was likely to depend on conflicting evidence that required cross-examination).

As the *Hodge* factors indicate that it would be prudent for Plaintiff to receive counsel, Plaintiff's request for the appointment of new *pro bono* counsel is granted.

### III. Adjournment of Trial

The trial currently scheduled to begin on January 23, 2023, is adjourned to October 17, 2023, due to Plaintiff's surgery that is expected to occur on January 19, 2023. (*See* ECF No. 125.)

### CONCLUSION

IT IS ORDERED that Holwell Shushter & Goldberg LLP's motion to withdraw as attorneys for Plaintiff, being unopposed, is GRANTED. (ECF No. 126.) Mr. Danner is hereby directed to serve a copy of this Order on Plaintiff and file proof of service with the Court thereafter. The Clerk of the Court is kindly directed to terminate the motion at ECF No. 126.

The Pro Se Office is ORDERED to request an attorney to represent Plaintiff. 28 U.S.C. § 1915(e)(1); *see Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007).

IT IS FURTHER ORDERED that the trial scheduled to begin on January 23, 2023, is adjourned to October 17, 2023.

Dated:  December 16, 2022  
        White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge